## KERBOUGH v. VANCE.

ESTOPPEL. *Does not apply where title derived from independent source.* One of a family of brothers and sisters, assuming to own the tract of land upon which they lived, conveyed it to plaintiff, who afterward brought ejectment against the vendor. Both parties dying, the suit was revived in the names of their respective heirs, the defending heirs not objecting to the revivor against them as the heirs of their deceased brother. On the trial they offered evidence to show that they derived their title to their share of the land as tenants in common by descent from their father, and not their brother, who, like themselves, had only an undivided interest in the common tract. The evidence was rejected, and the Judge charged the jury that the deed of the original defendant was conclusive upon him, and therefore upon his heirs, the present defendants.

*Held* (1), the proffered evidence was improperly rejected; (2) the doctrine of estoppel only applies where the defendants derive title from the conveying ancestor, but where they claim from an independent source the rule is otherwise; and (3) assuming the truth of the evidence offered, the defendants were only concluded by the deed of their brother as to his interest in the tract derived from their father.

Case cited: Royston v. Wear *et al.*, 3 Head, 8.

### FROM GREENE.

From the Circuit Court at Greeneville.

No record found.

NICHOLSON, C. J., delivered the opinion of the court.

In 1861 Jacob Kerbough sued Sam'l C. Vance in ejectment, in the Circuit Court of Greene county, to recover a tract of land of sixty-five acres. A declaration was filed and the general issue pleaded. Afterwards, plaintiff and defendant both died, and the

suit was revived in the names of their respective heirs. The heirs of Vance consisted of two brothers and two sisters. The heirs of Kerbough were his children. Upon the death of Vance the suit was revived against his heirs by *scire facias,* no resistance to the revivor having been made. Upon the trial of the cause the plaintiff introduced and read a deed for the land in controversy from Sam'l L. Vance to Jacob Kerbough. The defendants introduced Louisa J. Vance, and offered to prove that defendants were the sisters and brothers of Sam'l L. Vance, deceased; that their father had settled on the land some thirty-five years ago, that he had title thereto, that he died twenty-five years ago, seized and possessed of the same, and that defendants, together with Samuel L. Vance, as children, inherited the land, and as joint tenants lived on and occupied the same, claiming it adversely from that time to the present, and especially that they were so in possession, claiming adversely, at the date of the deed of conveyance put in evidence. Upon the objection of plaintiff the court excluded the evidence. In his charge to the jury the court said: "That the conveyance by deed introduced by plaintiffs was conclusive upon the original defendant, and likewise upon the present defendants as his heirs; that in such case it was not necessary for plaintiffs to deraign their title from the State, as defendants were estopped by the deed aforesaid to call in question the title under which their ancester, Sam'l L. Vance, held, and which he conveyed to plaintiffs' ancestor." The jury returned a verdict for plaintiffs, and defendants have appealed.

In determining whether the Circuit Judge erred in rejecting the testimony offered by Julia Vance, we are to assume the facts to be true as she proposed to prove them. Upon this hypothesis, Samuel L. Vance and his four brothers and sisters were tenants in common of the land in controversy, deriving title from their father, who had died many years ago seized of the land. Sam'l L. Vance conveyed the entire tract of land to Jacob Kerbough in 185– by warranty title, but continued, together with his brothers and sisters, to occupy the land until 1861, when this suit commenced. It is clear that, upon the facts now assumed to be true, Samuel L. Vance owned only one undivided fifth of the land, and that his deed only conveyed his own interest. This was the state of things when he died, and when his brothers and sisters were brought in to defend as his heirs. They made no resistance to the revivor, nor could they have made any, as the fact was that they were the heirs and therefore the proper parties. By thus becoming defendants without resistance, they admitted nothing beyond the fact that they were the heirs of their deceased brother. It is not material that they put in no new plea, but relied on the general issue pleaded by Sam'l L. Vance. It is therefore clear that whatever title the defendants derived from their father as tenants in common with their brother, Sam'l L. Vance, they continued to have after they became parties to the suit by revivor.

If, then, they cannot assert their title, this result must follow, because they are estopped to deny that

their brother, Sam'l L., had the fee simple title which, by his deed, he claimed to have, and which he conveyed to Kerbough.    It is laid down in Herman on Estoppel, 261, that "if a deed of conveyance, expressly or by necessary implication, affirms or recites that the grantor has and conveys a fee simple in the land, his heirs are estopped from denying that he had that estate and passed it by the deed to the grantor." As a general proposition, this doctrine, with the qualification hereafter noticed, is amply supported by the authorities.    The question was elaborately examined by Judge Nelson in the case of *Van Reneslear* v. *Kearney,* 11 Johns., 297, and after a review of many cases, he lays down the following as the result:

"The principle deducible from these authorities seems to be, that, whatever may be the form or nature of the conveyance used to pass real property, if the grantor sets forth on the face of the instrument, by way of recital or averment, that he is seized or possessed of a particular estate in the premises, and which estate the deed purports to convey; or, what is the same thing, if the seizin or possession of a particular estate is affirmed in the deed, either in express terms or by necessary implication, the grantor and all persons in privity with him shall be estopped from ever afterwards denying that he was so seized and possessed at the time he made the conveyance. The estoppel works upon the estate, and binds an after-acquired title as between parties and privies."

This doctrine has been repeatedly recognized and acted upon in this court.    We need only refer to the

8—VOL. 6.

case of *Royston* v. *Wear*, 3 Head, 8, which decides that if parties derive title to real estate from a common source, they are estopped from denying the seizin and title of the original claimant from whom they derive title. When parties, if living, would thus be estopped, their heirs and privies in estate are likewise estopped.

The Circuit Judge applied the general doctrine announced in the cases referred to, and charged that the deed from Sam'l L. Vance to Jacob Kerbough was conclusive as an estoppel upon the original defendant, and likewise upon the present defendants, his heirs.

He was right in holding that the deed was an estoppel upon Sam'l L. Vance, but he was in error in charging, without any qualification, that the estoppel applied to his heirs. As to the one-fifth of the land owned by Sam'l L. Vance, and by him conveyed to Kerbough by the deed which embraced the entire tract, the defendants would be estopped, because they occupied the relation of heirs and privies in estate to Sam'l L. Vance. But as to the other four-fifths, according to the evidence offered and rejected, the defendants did not claim under Sam'l L. Vance, but as heirs of their father, —— Vance, and therefore they were not estopped, for the reason that, although they were heirs of Sam'l L. Vance, yet they did not claim title under him, and were, for that reason, not privies in estate with him.

An examination of the several cases which establish the doctrine of estoppel as applicable to privies and heirs, shows that the heir to be estopped must claim

the property as heir, and therefore must be a privy in estate with his ancestor. The Circuit Judge overlooked this distinction, and therefore was in error in rejecting the proof offered, in his charge on this subject.

The reason of the doctrine, as said by Judge Nelson in *Van Reneslear* v. *Kearny*, is, that the estate affirmed by the ancestor to be in himself when he executed his deed, must have influenced the purchaser, and hence the grantor and those in privity with him should be precluded from gainsaying it. The reason fails, however, as in this case, where the heirs do not claim as heirs and privies to the grantor, but under independent title.

Judgment reversed.